UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
433 MAIN STREET REALTY, LLC and           Docket No.:  ____-CV-____
CORD MEYER DEVELOPMENT COMPANY,

                     Plaintiffs,

                                                               **NOTICE OF REMOVAL**

      - against -

DARWIN NATIONAL ASSURANCE COMPANY,

                     Defendant.
------------------------------------------------------------------------x

**PLEASE TAKE NOTICE**:

       Defendant, DARWIN NATIONAL ASSURANCE COMPANY ("Darwin"), by and through its undersigned attorneys in this action, The Chartwell Law Offices, LLP, respectfully shows this Court as follows:

    1.  The undersigned is an attorney admitted to practice and in good standing before the Courts of the State of New York and this Court and is a partner at The Chartwell Law Offices, LLP, attorneys for defendant, Darwin, in this action.

    2.  For the reasons detailed below, Darwin respectfully requests removal of the instant action, presently pending in the Supreme Court of the State of New York, County of Queens, under Index Number 705304/2013, to the United States District Court for the Eastern District of New York.

### NATURE OF ACTION

    1.  As set forth in the State Court Summons and Complaint annexed hereto as **Exhibit "A,"** plaintiffs, 433 MAIN STREET REALTY, LLC and CORD MEYER DEVELOPMENT COMPANY, allege that Darwin issued to plaintiffs an insurance policy numbered 0307-8262, for the period of September 11, 2012 to January 11, 2014 (the "Policy").

    2.  Plaintiffs further allege in their Complaint that, on or about October 29, 2012, plaintiffs

sustained property damage to a "project for construction of a proposed 3-story, 92,500 square foot residential building located in Port Washington, New York" (the "Loss"). See Exhibit "A" at ¶4.

3. Plaintiffs also allege that they submitted a claim for their damages arising out of the Loss under the Policy (the "Claim"). See Exhibit "A" at ¶15.

4. As set forth in the State Court Summons and Complaint, plaintiffs seek a declaration that their Claim is subject to a "general deductible" of $10,000.00, rather than the $250,000.00 deductible relating to "flood." See Exhibit "A".

5. Plaintiffs also assert causes of action for the following: (a) breach of contract; (b) breach of the covenant of good faith and fair dealing; and (c) violation of Section 349 of the General Business Law of the State of New York. See Exhibit "A".

## PROCEDURAL HISTORY

1. Plaintiffs commenced this action in Supreme Court of the State of New York, County of Queens by purchasing an Index Number and filing a Summons and Complaint on or about November 18, 2013.

2. A copy of plaintiffs' Summons and Complaint was thereafter delivered to the Superintendent of Insurance, as defendant's statutory agent for service of process, on or about November 25, 2013, which papers were, upon information and belief, then mailed to 1690 New Britain Avenue, Suite 101, Farmington, Connecticut, 06032, which is not Darwin's correct address.

3. The Summons and Complaint were then forwarded to Darwin at its correct address and received on December 27, 2013.

4. Plaintiffs' Complaint does not set forth the amount of monetary damages that plaintiffs seek to recover.

5. On January 9, 2014, Darwin served a Demand for a Statement of Damages Pursuant to CPLR

2

§3017 on plaintiffs (the "Demand for Damages"), a copy of which is annexed hereto as **Exhibit "B"**.

6. On January 24, 2014, Darwin received plaintiffs' response to the Demand for Damages, a copy of which is annexed hereto as **Exhibit "C"**, wherein plaintiffs stated that they demand $591,074.00 in damages, plus interest, costs and attorney's fees.

## BASIS FOR REMOVAL

1. Upon information and belief, plaintiffs are citizens of, incorporated in, and have principal places of business in, the State of New York. See Exhibit "A " at ¶1, 2.

2. As alleged in the Complaint, Darwin is incorporated in the State of Delaware and has a principal place of business in the State of Connecticut. See Exhibit "A " at ¶3.

3. Thus, Darwin is a citizen of Delaware and Connecticut.

4. Therefore, complete diversity exists as between plaintiffs and defendant, Darwin.

5. As per plaintiffs' response to the Demand for Damages, plaintiffs are seeking damages in excess of $75,000.00 in this action. See Exhibit "C."

6. Thus, the jurisdictional basis exists for removal given the amount of damages being sought. Plaintiffs' counsel's representation that plaintiffs are seeking damages beyond $75,000.00 establishes that the amount in controversy exceeds this Court's minimum jurisdictional limit of $75,000.00. *E.g.*, *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994) (preponderance of evidence sufficient to establish reasonable probability that jurisdictional minimum has been satisfied).

7. Removal is timely insofar as Darwin has sought removal within thirty days from when it obtained plaintiffs' response to the Demand for Damages, which first advised Darwin that the amount in controversy exceeds $75,000.00. *E.g.*, *Moltner v. Starbucks Coffee Co.*, 2009 WL

510879, 2009 U.S. Dist. LEXIS 15518 (S.D.N.Y. Feb. 27, 2009) (Preska, J.) (holding that time to remove ran from service of statement of damages response to a CPLR 3017(c) demand); *Pinson v. Knoll, Inc.*, 2007 WL 1771554, 2007 U.S. Dist. LEXIS 44201 (S.D.N.Y. June 18, 2007) (Patterson, J.).

8. Given the foregoing, this Court is vested with subject-matter jurisdiction of this action pursuant to 28 U.S.C. 1332(a), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, defendant respectfully requests that the above-captioned action, presently pending in the Supreme Court of the State of New York, County of Queens, under Index Number 705304/2013 be removed to the United States District Court for the Eastern District of New York, that the Clerk of said State Court be directed to transfer and furnish the complete file maintained by said State Court to the within Court, and that the within Court grant such other, further and different relief as the Court deems just and proper.

Dated: January 27, 2014
      New York, New York

                                THE CHARTWELL LAW OFFICES, LLP

                                BY:   /s/ Matthew Gonzalez
                                         Matthew Gonzalez, Esq.
                                         Lindsey McLean, Esq.
                                *Attorneys for Defendant*
                                *DARWIN NATIONAL ASSURANCE*
                                *COMPANY*
                                One Battery Park Plaza, 35th Floor
                                New York, NY 10004
                                (212) 968-2300
                                mgonzalez@chartwelllaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
433 MAIN STREET REALTY, LLC and
CORD MEYER DEVELOPMENT COMPANY

                      Plaintiffs,

-against-

DARWIN NATIONAL ASSURANCE COMPANY

                      Defendant.

------------------------------------------------------------------------X

Plaintiffs Designate
QUEENS COUNTY
as the place of trial.

SUMMONS

Index No.:
Date Purchased:

The basis for venue is:
Plaintiffs' Businesses

Plaintiffs' businesses are located in: Far Hills, NY

## SUMMONS

To the above named defendant:

      YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff which is served herewith, and to serve an Answer on the undersigned attorneys for the plaintiff, Saxe Doernberger & Vita, P.C., within twenty (20) days after service of the Summons and Complaint or within thirty (30) days of the Summons and Complaint if not served upon you personally or is served outside the State of New York. In the event of your failure to answer the Complaint of the plaintiff, judgment will be taken against you by the default for the relief demanded in the Complaint.

Dated:  Hamden, CT
          November 18, 2013

          433 MAIN STREET REALTY, LLC and
          CORD MEYER DEVELOPMENT COMPANY

          /s/ Jeremiah M. Welch
          Jeremiah M. Welch
          jmw@sdvlaw.com
          New York State Bar No. 5057385
          Attorney for Plaintiffs
          Saxe Doernberger & Vita, P.C.
          1952 Whitney Avenue
          Hamden, CT 06517
          (203) 287-2103
          (203) 287-8847 - Facsimile

TO DEFENDANT:

DARWIN NATIONAL ASSURANCE COMPANY
1690 New Britain Avenue
Farmington, CT 06032

c/o State of New York Department of Financial Services
Office of General Counsel
One State Street, 20th Floor
New York, NY 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
433 MAIN STREET REALTY, LLC and        Index No.:
CORD MEYER DEVELOPMENT COMPANY        JURY DEMANDED

                      Plaintiffs,

-against-

DARWIN NATIONAL ASSURANCE COMPANY        NOVEMBER 18, 2013

                      Defendant.
-------------------------------------------------------------------X

## COMPLAINT

       COMES NOW, 433 MAIN STREET REALTY, LLC ("433 Main") and CORD MEYER DEVELOPMENT COMPANY ("Cord Meyer") (collectively sometimes hereinafter referred to as "Plaintiffs"), by and through their attorneys, Saxe Doernberger & Vita, P.C., who allege upon information and belief as follows:

## THE PARTIES

       1.      Plaintiff 433 Main is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located in Forest Hills, New York.

       2.      Plaintiff Cord Meyer is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located in Forest Hills, New York.

       3.      Upon information and belief, Defendant Darwin National Assurance Company ("Darwin") is a Delaware corporation with its principal place of business in

Farmington, Connecticut, and was and still is an insurance company duly licensed to do business within the State of New York.

## FACTUAL ALLEGATIONS

4. 433 Main and Cord Meyer are the owners of a project for construction of a proposed 3-story, 92,500 square foot residential building located in Port Washington, New York (the "Project").

5. As of October 2012, several significant initial steps had been taken to construct the Project. Specifically, the Project's foundation had been excavated; plywood forms had been placed; rebar had been installed within those forms and concrete poured around the rebar; and a waterproof membrane had been installed.

6. On October 29, 2012, Superstorm Sandy struck the area where the Project is located.

7. Video tape surveillance footage from the Project site show that, beginning around 10:00 a.m. in the morning, high gusting winds had begun blowing down some of the fencing and formwork. The waterproof membrane was also damaged by wind during the early hours of the day.

8. Water, which had overflowed from a nearby storm sewer, began entering the excavated foundation around 11:30 a.m. By mid-day, the foundation was almost completely filled with water.

9. Darwin issued a Commercial Inland Marine policy to Plaintiffs, policy number 0307-8262, for the period of September 11, 2012 to January 11, 2014 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A.

10. The Policy provides:

**Course of Construction:**

> **1. Coverage –** "We" cover direct physical loss or damage caused by a covered peril to "buildings or structures" while in the course of construction, erection, or fabrication.
>
> **2. Scaffolding, Fencing, And Temporary Structures –** "We" also cover direct physical loss or damage caused by a covered peril to:
> a. scaffolding, construction forms, or temporary fencing; and
> b. temporary structures.

Exhibit A at Form IM 7050 09 08, pg. 1 of 21.

11. The Policy's "Perils Covered" section provides: 'We cover risks of direct physical loss or damage unless the loss is limited or caused by a peril that is excluded."

12. Furthermore, the Policy explicitly provides coverage for "sewer backup":

> "We" cover direct physical loss or damage to covered property caused by or resulting from:
>
> 1) water or waterborne material that backs up, overflows or is otherwise discharged through a sewer or drain, sump or septic tank; or
>
> 2) water or waterborne material below the surface of the ground, including but not limited to water or waterborne material that exerts pressure on or flows, seeps, or leaks through or into a covered "building or structure", sidewalk, driveway, foundation, swimming pool, or other structure.

Exhibit A at Form IM 7050 09 08, pg. 9 of 21.

13. The Policy includes a deductible of $10,000.00

14. The Policy also provides coverage for "flood," subject to a $250,000.00 deductible. The Policy defines "flood" as:

> An overflowing or inundation by water of an area that was previously and normally dry or not covered by water, whether caused artificially or naturally, by human or animal forces or by an act of nature. 'Flood' includes, but is not limited to:

3

> a. overflow of inland or tidal waters . . .whether driven by wind or not, including but not limited to storm surge; . . . .

<u>Exhibit A</u> at Form IM 7050 09 08, pg. 20 of 21.

15. Plaintiffs filed a claim with Darwin under the Policy for the losses sustained at the Project as a result of Superstorm Sandy, claim number POU12032000/2012033283 (the "Claim").

16. Darwin agrees that the Policy provides coverage, but argues that a $250,000.00 deductible for "flood" applies to the Claim.

17. Evidence from the day of Superstorm Sandy shows that the Project: (a) sustained damage due to wind before any water entered onto the Project; and (b) the water which entered the Project was due not to "overflow of inland or tidal waters," but rather the result of a backup, overflow or discharge through a nearby sewer.

18. In light of the Policy's language and the facts of this case, the Policy's $10,000.00 deductible—and not the $250,000.00 flood deductible—applies to the Claim.

## AS AND FOR A FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

19. Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

20. A dispute has arisen between Plaintiffs and Darwin regarding whether the Policy's general deductible of $10,000.00 or the $250,000.00 deductible relating to "flood" applies to the Claim.

21. An actual case and justiciable controversy exists regarding Darwin's obligations under the Policy, specifically as to whether the Policy's general deductible of $10,000.00 applies to the Claim, and a declaratory judgment pursuant to N.Y. C.P.L.R.

4

3001, is necessary and appropriate to determine the rights and duties of Plaintiffs and Darwin under the Policy.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

22. Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

23. Darwin agreed to pay for direct physical loss or damage caused by a covered peril to buildings or structures including, but not limited to, direct physical loss or damage caused by sewer backup, as defined in the Policy.

24. Plaintiffs have satisfied all conditions precedent under the Policy.

25. To date, Darwin has failed, refused and/or neglected to provide coverage for the Claim.

26. Such failure, refusal and/or neglect by Darwin constitutes a breach of the Policy.

27. As a consequence of Darwin's breach, Plaintiffs have been, and continue to be, damaged.

## AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

28. Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

29. In gross disregard of Plaintiffs' interest, Darwin unilaterally breached the covenant of good faith and fair dealing implied in the Policy by deliberately, negligently, and wrongfully:

(a) Mishandling the Claim;

(b) Delaying payment of the Claim, despite promising to expedite adjustment of the Claim; and,

(c) Insisting that the $250,000.00 deductible relating to "flood" applies to the Claim.

30. As a result of Darwin's breaches of its obligations under the Policy, Plaintiffs have suffered direct and consequential damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NEW YORK STATE GENERAL BUSINESS LAW §349)

31. Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

32. Darwin is prohibited from engaging in deceptive acts and practices pursuant to Section 349 of the General Business Law of the State of New York.

33. Darwin's products and/or services are consumer-oriented pursuant to Section 349 in that they are standard and regularly used by Darwin in the inducement of consumers like Plaintiffs who are in search of insurance protection for their businesses and/or construction projects.

34. Darwin has, in contravention of Section 349, engaged in materially deceptive acts and practices in the conduct of its business by failing to have reasonable standards to effectuate a prompt, fair and equitable settlement of policyholder's claims as demonstrated by its failure to promptly, fairly and equitably settle the Plaintiffs' Claim.

35. Plaintiffs have suffered actual damage as a direct result of the practices and acts of Darwin described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

1. An Order from this Court declaring and setting forth Darwin's duties and obligations to Plaintiffs, specifically that the Policy's $10,000.00 deductible applies to the Claim;

2. Judgment from this Court in favor of Plaintiffs and against Darwin in an amount equal to the cost of:

    a. Compensatory, direct and consequential damages;

    b. Attorneys' fees and costs incurred by Plaintiffs in this coverage dispute;

    c. Interest; and,

    d. All other damages this Court deems appropriate.

Dated:     Hamden, Connecticut
           November 18, 2013

          433 MAIN STREET REALTY, LLC and
          CORD MEYER DEVELOPMENT COMPANY

          /s/ Jeremiah M. Welch
          Jeremiah M. Welch
          jmw@sdvlaw.com
          New York State Bar No. 5057385
          Attorney for Plaintiffs
          Saxe Doernberger & Vita, P.C.
          1952 Whitney Avenue
          Hamden, CT 06517
          (203) 287-2103
          (203) 287-8847 - Facsimile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
433 MAIN STREET REALTY, LLC and
CORD MEYER DEVELOPMENT COMPANY

                                    Plaintiffs,

-against-

DARWIN NATIONAL ASSURANCE COMPANY

                                    Defendant.

Index No.: 705304/2013
Date Purchased: 11/18/2013

**OBJECTION AND RESPONSE TO DEFENDANT'S DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO CPLR § 3017**

------------------------------------------------------------------X

TO:   Matthew Gonzalez, Esq.
       mgonzalez@chartwelllaw.com
       THE CHARWELL LAW OFFICES, LLP
       *Attorneys for Defendant*
       *Darwin National Assurance Company*
       One Battery Park Plaza, 35th Floor
       New York, NY 10004
       Tel.: 212-968-2300

Plaintiffs 433 Main Street Realty, LLC and Cord Meyer Development Company ("Plaintiffs") hereby file the following Objection and Response to defendant Darwin National Assurance Company's Demand for Statement of Damages Pursuant to N.Y. C.P.L.R. § 3017 ("Defendant"). Plaintiffs object to the form of Defendant's demand, as § 3017(c) is applicable only to personal injury or wrongful death actions.[1]

---

[1] Section 3017(c) states, in pertinent part:

> (c) Personal injury or wrongful death actions. In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. . . . Provided, however, that a party against whom an action to recover damages for personal injuries or

1

Notwithstanding and without waiving the foregoing objection, Plaintiffs provide the following statement of their damages:

| | |
|---|---|
| Principal amount sued for.................................................... | $591,074.00 |
| Interest at 9% per annum from January 9, 2013 through the present[2] ............................................ | $ 55,382.83 |
| Total............................................................................................. | $646,456.83 |

Plaintiffs also seek costs and attorneys' fees associated with the pursuit of this action. Plaintiffs reserve the right to update or supplement this Statement of Damages at any time.

Dated:  January 24, 2014
        Hamden, CT

                                                      433 MAIN STREET REALTY, LLC and
                                                      CORD MEYER DEVELOPMENT COMPANY

                                                      /s/ Jeremiah M. Welch
                                                      Jeremiah M. Welch
                                                      jmw@sdvlaw.com
                                                      New York State Bar No. 5057385
                                                      Attorney for Plaintiffs
                                                      Saxe Doernberger & Vita, P.C.
                                                      1952 Whitney Avenue
                                                      Hamden, CT 06517
                                                      (203) 287-2103
                                                      (203) 287-8847 - Facsimile

---

    wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.

N.Y. C.P.L.R. § 3017 (2014).

[2] Interest will continue to accrue, and Plaintiffs specifically reserve the right to update their interest calculation.

STATE OF CONNECTICUT  )
                     )  ss: Hamden
COUNTY OF NEW HAVEN   )

I, Camille Bryan, being duly sworn, depose and say:

That I am not a party to the within action, am over 18 years of age and reside in New Haven, Connecticut.

That on January 24, 2014, deponent served the within Objection and Response to Defendant's Demand for Statement of Damages Pursuant to C.P.L.R. § 3017 upon the attorneys/individuals listed below, at his/her/its addresses which were so designated by said attorneys for said purpose, by depositing a true copy of same enclosed in a postage paid, properly addressed envelope in a post office under the exclusive care and custody of the United States Postal Service within the State of Connecticut and via Electronic Mail.

Matthew Gonzalez, Esq.
mgonzalez@chartwelllaw.com
THE CHARWELL LAW OFFICES, LLP
*Attorneys for Defendant*
*Darwin National Assurance Company*
One Battery Park Plaza, 35th Floor
New York, NY 10004

_____
Camille Bryan

Subscribed and sworn to before me
This 24th day of January, 2014

_____
Debra L. Izabal
Notary Public     My Commission Expires: 04-30-2018

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------x
433 MAIN STREET REALTY, LLC and                    Index No.: 705304/2013
CORD MEYER DEVELOPMENT COMPANY,
                              Plaintiffs,

       - against -                                  **DEMAND FOR
                                                     STATEMENT OF
                                                     DAMAGES PURSUANT
                                                     TO CPLR §3017**

DARWIN NATIONAL ASSURANCE COMPANY,

                              Defendant.
----------------------------------------------------------------x

**COUNSEL:**

   **PLEASE TAKE NOTICE**, that pursuant to Section 3107(c) of Civil Practice Law and Rules ("CPLR"), demand is hereby made that within fifteen (15) days of service hereof, Plaintiffs furnish a supplemental demand to the undersigned setting forth the total damages to which Plaintiffs deem themselves entitled by reason of the claims set forth in the above-captioned action.

   **PLEASE TAKE FURTHER NOTICE**, that Plaintiffs' failure to comply with this demand in a timely fashion, an application will be made to the within Court for an Order compelling service of such a supplemental demand and awarding costs, including attorney's fees, pursuant to Part 130 of the Uniform Court Rules, and furthermore granting such other, further and different relief as the court deems just and proper.

1

Dated: January 9, 2014
      New York, New York

                                          Respectfully submitted,

                                          THE CHARTWELL LAW OFFICES, LLP

                                          _____
                                          Matthew Gonzalez, Esq.
                                          *Attorneys for Defendant*
                                          *Darwin National Assurance Company*
                                          One Battery Park Plaza, 35th Floor
                                          New York, New York 10004
                                          Tel.: 212-968-2300
                                          Fax: 212-968-2400

To:    Jeremiah M. Welch, Esq.
         SAXE DOERNBERGER & VITA, P.C.
         *Attorneys for Plaintiffs*
         *433 Main Street Realty, LLC and Cord Meyer Development Company*
         1952 Whitney Avenue
         Hamden, Connecticut 06517
         Tel.: 203-287-2103

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ). ss.:
COUNTY OF KINGS          )

I, **MONICA A. GARRET**, being duly sworn, depose and say:

I am not a party to this action, am over 18 years of age and reside in Kings County, New York.

On January 9, 2014, I served the within **DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO CPLR §3017** by depositing a true copy thereof enclosed in a postage paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

JEREMIAH M. WELCH, ESQ.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517

_____
MONICA A. GARRET

Sworn to before me this
9th day of January, 2014

_____
Notary Public

LINDSEY CLAIRE OWEN
Notary Public, State of New York
No. 02OW6238399
Qualified in New York County
Commission Expires April 4, 20__