

**Matthew L. Gonzalez**
Direct Dial: (212) 785-0757
mgonzalez@chartwelllaw.com

**Reply To: New York Office**
One Battery Park Plaza, 35th Floor
New York, NY 10004
Facsimile: (212) 968-2400

March 18, 2014

**VIA ECF**

Hon. Nicholas G. Garaufis
Hon. Vera M. Scanlon
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:**     **433 Main Street LLC et al v. Darwin National Assurance Company**
              **Case No. 14-CV-00587 (NGG)(VMS)**
              **Our File No. 0047466**

Dear Judges Garaufis and Scanlon,

      We represent defendant, Darwin National Assurance Company (herein "Darwin"), in the above-referenced action. We respectfully submit this letter in response and in opposition to the letter submitted by plaintiffs, dated March 17, 2014 (ECF Document Number 21), which purports to set forth plaintiffs' legal basis for pursuing certain claims as per the direction of Case Management Order No. 1, dated February 21, 2014 (ECF Docket Number 243 in Docket Number 14-MC-41; herein the "CMO").

      At the outset, we note plaintiffs' March 17, 2014 letter attempts to recreate history in an effort to justify their request that this Court allow them to maintain their causes of action for breach of the covenant of good faith and fair dealing and G.B.L. § 349. Darwin disputes plaintiffs' recitation of the facts alleged in their March 17, 2014 letter. Indeed, although discovery has not been exchanged, the evidence will show that plaintiffs' damages were caused by the peril of flood; and that Darwin at all times acted in good faith in its attempt to adjust the claim, never denied coverage, properly found plaintiffs' loss to be subject to the policy's $250,000 flood deductible, and therefore properly did not issue a payment because plaintiffs

_____

failed to submit documentation demonstrating damages in excess of that deductible. In view of the foregoing, this Court should deny plaintiffs' request because:

- Plaintiffs do not demonstrate any bad faith conduct by Darwin;
- Plaintiffs do not allege any facts independent of their breach of contract claim that may support a claim for breach of the covenant of good faith and fair dealing;
- The facts, as alleged by plaintiffs, do not demonstrate that Darwin engaged in any deceptive acts or practices;
- Plaintiffs do not meet the minimum pleading requirements for a claim under G.B.L. § 349; and
- Plaintiffs did not provide a legal basis for pursing their claims for attorneys' fees and a jury trial.

We discuss each of these issues more fully below.

I. **Plaintiffs Cannot Justify Their Failure To Withdraw Their Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing**

   A. **The facts, as alleged by plaintiffs, do not demonstrate any bad faith conduct by Darwin.**

   Assuming, *arguendo*, for the purposes of this application only, that plaintiffs' version of the "factual background" is accurate, plaintiffs still have not demonstrated a basis for this Court to allow continued pursuit of their third cause of action for breach of the covenant of good faith and fair dealing. In other words, plaintiffs have not alleged, in their Complaint or their letter, facts sufficient to demonstrate any tortious conduct of an "egregious nature" by Darwin. See Dufficy v. Nationwide Mut. Fire Ins. Co., 13-CV-6010(SJF)(AKT) at p. 6, 2013 WL 6248529, at *2 (E.D.N.Y. Dec. 2, 2013); Funk v. Allstate Ins. Co., 13-CV-05933(JS)(GRB) at p. 12, 2013 WL 6537031, at *4 (E.D.N.Y. Dec. 13, 2013).

   Specifically, plaintiffs' letter makes the following relevant factual allegations about Darwin's course of conduct:

   (a) Darwin applied the policy's $250,000 flood deductible, rather than a $10,000 deductible, on the basis of Darwin's expert's determination that the damages were the result of flood rather than sewage back-up (see Plaintiffs' Letter p. 2 and Attachment B);

   (b) Darwin did not adopt the "evidence" submitted by plaintiffs that the loss resulted from sewage back-up over Darwin's own experts' conclusions (see Plaintiffs' Letter p. 2);

   (c) Darwin advised plaintiffs by letter that the policy's $250,000 flood deductible applied to this claim (see Plaintiffs' Letter p. 2 and Attachment B);

   (d) Darwin never denied coverage for the claim (see Plaintiffs' Letter p. 2);

---

(e) Darwin, at its own suggestion, met with plaintiffs at the loss site in July, 2013, to attempt to resolve the claim (see Plaintiffs' Letter p. 3); and

(f) Darwin continued to investigate and adjust the claim and requested additional documents from plaintiffs (see Plaintiffs' Letter p. 3).

As the above demonstrates, even plaintiffs' version of the facts shows that Darwin continued to work with plaintiffs toward reaching a resolution of the claim. None of these allegations demonstrate Darwin's failure to act in good faith in adjusting plaintiffs' claim. To the contrary, plaintiffs' letter makes clear that Darwin provided plaintiffs with a written explanation of its position concerning the application of the Policy's $250,000 deductible, and that Darwin thereafter continued to work with plaintiffs in an attempt to reach a resolution of the claim. Darwin's reliance on its expert's conclusions, which contradicted the statements of plaintiff, and request for additional documentation in support of the claim, can hardly be deemed "egregious" conduct. In this regard, it is well established that an insurer has the right to investigate and adjust a claim for damages. See e.g., Unigard Sec. Ins. Co., Inc. v. N. River Ins. Co., 79 N.Y.2d 576, 581, 594 N.E.2d 571, 573 (N.Y. 1992).

### B. Plaintiffs do not allege any facts independent of their breach of contract claim that may support a claim for breach of the covenant of good faith and fair dealing.

Even if it were possible to find fault with Darwin's conduct, plaintiffs' claim for breach of the covenant of good faith and fair dealing fails because it does not allege any facts independent to their claim for breach of contract. "Under New York law, parties to an express contract are bound by an implied duty of good faith, *but breach of that duty is merely a breach of the underlying contract*." Harris v. Provident Life & Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002) (emphasis added); see also, Dufficy, 13-CV-6010 at p. 4, 2013 WL at *2; Funk, 13-CV-05933 at p. 10-11, 2013 WL at *4. Thus, it is well established that New York does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing where a breach of contract claim is also pled under the same facts. See Harris, 310 F.3d at 81; Dufficy, 13-CV-6010 at p. 4, 2013 WL at *2; Funk, 13-CV-05933 at p. 10-11, 2013 WL at *4.

Here, plaintiffs do not premise their breach of the covenant of good faith and fair dealing claim on any facts different from their claim for breach of contract. In this regard, the essence of plaintiffs' breach of contract cause of action is their allegation that Darwin neither applied the correct policy deductible nor issued payment to plaintiffs. Likewise, the crux of plaintiffs' cause of action for breach of the covenant of good faith and fair dealing is that Darwin neither applied the correct policy deductible nor issued payment to plaintiffs.

The sole case relied upon by plaintiffs in support of this cause of action does not mandate a contrary finding. Rather, Bi-Economy Market, Inc. v. Harleysville Insurance Company, 10 N.Y.3d 187, 886 N.E.2d 127 (N.Y. 2008) limited its holding to addressing the question of whether an insured can assert a claim for consequential damages.

March 18, 2014
Page 4

_____

Furthermore, Bi-Economy is distinguishable on its facts. The court in Bi-Economy noted that the purpose of the business interruption insurance at issue was to ensure that the insured has the financial support to sustain its business in the event of a disaster. The court also noted that, so long as the damages were contemplated/implicit in the event of a breach of contract, then said damages would be covered. On that basis, the Bi-Economy court held that where an insurer wrongfully denied coverage, that insurer is liable for consequential damages resulting from the collapse of the insured's business. Thus, Bi-Economy did not create an independent cause of action for breach of the covenant of good faith and fair dealing. Rather, it simply held that an insurer is liable for those foreseeable consequential damages resulting from a breach of contract. Accordingly, Bi-Economy is not instructive to this matter.

**II.    Plaintiffs Cannot Justify Their Failure To Withdraw Their Cause Of Action Under N.Y. G.B.L. Section 349**

   **A. The facts, as alleged by plaintiffs, do not demonstrate that Darwin engaged in any deceptive acts or practices.**

Once again, even if we assume, *arguendo*, and only for the purposes of this application, that the facts set forth by plaintiffs in their letter are accurate and true, plaintiffs cannot demonstrate a basis for continued pursuit of their fourth cause of action for violation of G.B.L. Section 349. The only allegation that plaintiffs make in support of their claim is that Darwin represented to them that "it would take another look at the claim and expedite payment." See Plaintiffs' Letter at p. 4. Yet, plaintiffs admit that Darwin not only proposed to meet with them, but did so and continued to solicit documentation from plaintiffs to substantiate their claim (see Plaintiffs' letter p. 3)—clearly demonstrating Darwin's commitment to further evaluate the claim. Moreover, the fact that Darwin never "expedited' payment is explained by Darwin's position that the supported damages did not exceed the applicable $250,000 flood deductible. Thus, the facts alleged by plaintiffs do not support a claim for violation of G.B.L. § 349.

   **B. Plaintiffs do not meet the minimum pleading requirements for a claim under G.B.L. Section 349.**

Additionally, plaintiffs cannot justify their failure to voluntarily withdraw their fourth cause of action, under G.B.L. Section 349, because they have failed to identify any loss or injury separate from their claim for breach of contract. "Although a monetary loss is a sufficient injury to satisfy the requirement under Section 349, *that loss must be independent of the loss caused by the alleged breach of contract*." Dufficy, 13-CV-06010 at p. 9, 2013 WL at *3 (emphasis added), citing Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009); see also, Funk, 13-CV-05933 at p. 15, 2013 WL at *5. Indeed, by arguing that plaintiffs' claim under G.B.L § 349 is sufficiently pled pursuant to Dufficy, plaintiffs appear to have only read a portion of that decision, ignoring the requirement that their claimed loss be independent from any loss arising from a breach of contract claim.

A review of plaintiffs' Complaint reveals only the following conclusory assertion:

March 18, 2014
Page 5

---

"Plaintiffs have suffered actual damage as a direct result of the practices and acts of Darwin described herein." See Compl. at ¶35. This conclusory statement is an insufficient legal basis for plaintiffs' pursuit of a G.B.L. § 349 claim. Even assuming, for the purposes of this application only, the "facts" set forth in plaintiffs' letter to be true, the letter makes no reference to any loss independent of the alleged breach of contract. Rather, plaintiffs merely claim that Darwin continued to review the claim and did not expedite payment. Such actions do not constitute a loss independent of the alleged breach of contract for purposes of establishing a claim under G.B.L. § 349.

**III.   Under The CMO, Plaintiffs Must Be Deemed To Have Withdrawn Their Claim For Attorneys' Fees And Their Jury Demand**

Finally, we note that on March 12, 2014, our Firm corresponded with plaintiffs' counsel concerning the anticipated future mediation of this matter. In that correspondence, which apparently spurred plaintiffs' to submit their March 17, 2014 letter to your Honors,[1] we advised plaintiffs that, due to their failure to submit a letter in support of their continued pursuit of the following: 1) Count 3 of the Complaint for breach of the covenant of good faith and fair dealing; 2) Count 4 of the Complaint under NY State General Business Law Sec. 349; 3) attorney's fees; and 4) a jury trail; we deemed plaintiffs to have waived same. See Attachment A. Since plaintiffs' letter submission only address their reasons for continued pursuit of their Counts 3 and 4, and utterly fails to provide a legal basis for their continued pursuit of attorneys' fees or a jury trial, we respectfully submit that these must be deemed withdrawn per Section III, B of the CMO.

Thank you for your consideration of this correspondence.

                            Respectfully,

                            THE CHARTWELL LAW OFFICES, LLP

                            By:   /s/ Matthew Gonzalez
                                    Matthew Gonzalez, Esq.
                                    mgonzalez@chartwelllaw.com
                                    Lindsey McLean, Esq.
                                    lmclean@chartwelllaw.com

Encl.

---

[1] Although plaintiffs claim that an "internal technical error and oversight" prevented their earlier notification of the CMO, we note that plaintiffs' attorney's e-mail address is on the service list as having received a copy of the CMO on the date that it was issued, February 21, 2014.