D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
433 MAIN STREET REALTY, LLC and CORD
MEYER DEVELOPMENT COMPANY,

                       Plaintiffs,

-against-

DARWIN NATIONAL ASSURANCE
COMPANY,

                       Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-587 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

This action is before the court pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332(a) and concerns coverage for damage to Plaintiffs' property caused by Hurricane Sandy under an insurance policy issued by Defendant to Plaintiffs. Plaintiffs seek declaratory judgment that the policy's general deductible applies to their claims and allege breach of contract, breach of the covenant of good faith and fair dealing, and violation section 349 of the New York State General Business Law. For the reasons set forth below, Plaintiffs' good faith and fair dealing and New York General Business Law claims are DISMISSED without prejudice.

**I.    BACKGROUND**

    **A.    Factual Background**

The Complaint alleges that Plaintiffs 433 Main Street Realty, LLC and Cord Meyer Development Company are owners of a construction project for a residential building located in Port Washington, New York. (Compl. (Dkt. 1) ¶ 4.) Defendant Darwin National Assurance Company issued a commercial inland marine insurance policy to Plaintiffs for the period of

1

September 11, 2012, to January 11, 2014 ("the Policy"). (Id. ¶ 9.) The Policy contains a $10,000 deductible, except for loss caused by flood, which is subject to a $250,000 deductible. (Id. ¶¶ 13-14.) Plaintiffs claim that on October 29, 2012, the date of Hurricane Sandy ("the storm"), high winds blew down or damaged fencing, formwork, and the waterproof membrane at the construction site, and water backed up in a nearby storm sewer, causing it to overflow and discharge water into the excavated foundation. (Id. ¶¶ 7-8.) Plaintiffs filed a claim under the Policy for coverage of their loss resulting from the storm. (Id. at ¶ 15.) According to the Complaint, Defendant agrees that the Policy covers Plaintiffs' loss but insists that the damage was caused by flood, and thus the $250,000 deductible applies. (Id. ¶ 16.) Plaintiffs contend that the standard $10,000 deductible should apply because high winds and the overflow of a sewer system caused the damage. (Id. ¶¶ 17-18.)

In a letter dated March 17, 2014, Plaintiffs provide further allegations about the parties' interaction after Plaintiffs made a claim under the Policy. For eight months following the storm, Defendant refused to issue payment to Plaintiffs, who then threatened litigation. (Pls.' Mar. 17, 2014, Ltr. (Dkt. 21) at 3.) Plaintiffs then met with Defendant's claims adjuster, who requested additional documents and promised to review the claim and expedite the matter. (Id.) After the meeting, Defendant followed up with subsequent requests for documents over the next four months, which Plaintiffs claim they satisfied. (Id.) Plaintiffs believed that Defendant was delaying and did not intend to honor the claim, and therefore commenced litigation. (Id.)

### B. Procedural History

Plaintiffs brought an action against Defendant in the Supreme Court of New York, Queens County, and Defendant removed the action to this court on January 27, 2014. (Not. of Removal (Dkt. 1).) The case was designated a "Hurricane Sandy Case" in accordance with

2

Eastern District Administrative Order 14-03 and is subject to practice and procedure orders governing this body of cases. Case Management Order No. 1, issued February 21, 2014, directed plaintiffs in all Hurricane Sandy Cases to voluntarily withdraw various state law claims, such as those alleging bad faith, or submit a letter within fourteen days of the Order explaining the legal basis for continuing to pursue such claims. (Case Mgmt. Order No. 1 (Dkt. 16) at 5-6.) On March 17, 2014, ten days after the deadline, Plaintiffs in the instant case submitted a letter in support of maintaining two claims: (1) breach of the implied covenant of good faith and fair dealing (Third Cause of Action), and (2) violation of New York General Business Law § 349 (Fourth Cause of Action). Defendant responded by letter, contending that Plaintiffs have not adequately pleaded these claims in the Complaint. (See Def.'s Mar. 18, 2014, Ltr. (Dkt. 22).)

## II. DISCUSSION

Despite the untimeliness of Plaintiffs' letter, the court will consider it. The court applies a motion to dismiss standard, taking as true the facts as pleaded in the Complaint.[1]

In order to state a viable claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

---

[1] For purposes of this Order, the court also takes as true the facts presented in Plaintiffs' March 17, 2014, letter.

3

## A. Breach of Covenant of Good Faith and Fair Dealing

Plaintiffs' third cause of action alleges that Defendant breached the covenant of good faith and fair dealing. (Compl. ¶¶ 28-30.) New York law implies a duty of good faith and fair dealing into every express contract.[2] Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir. 2004) (citing U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 64 (2d Cir. 2004)). However, "breach of that duty is merely a breach of the underlying contract." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002). "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Id. at 81; see also Funk v. Allstate Ins. Co., No. 13-CV-5933 (JS), 2013 WL 6537031, at *4 (E.D.N.Y. Dec. 13, 2013) (holding that a breach of good faith and fair dealing "must be premised on a different set of facts from those underlying a claim for breach of contract"). "Therefore, when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013) (citing L–7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 434 n.17 (2d Cir. 2011)).

---

[2] By pleading a claim under New York law, i.e., Plaintiffs' fourth cause of action alleging violations of section 349 of the New York General Business Law, Plaintiffs impliedly concede that New York law applies to this case. Nevertheless, since jurisdiction in this case is premised upon diversity of citizenship, the choice-of-law rules of the state in which this court sits, i.e., New York, shall be applied. See Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012) ("A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state."). With respect to tort claims, "[i]n New York, 'the relevant analytical approach to choice of law in tort actions' is the 'interest analysis.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 n.5 (2d Cir. 1997) (quoting Schultz v. Boy Scouts of Am., Inc., 65 N.Y.2d 189, 197 (1985)); see also White Plains Coat & Apron Co., Inc. v. Cintas Corp., 460 F.3d 281, 284 (2d Cir. 2006). Under the interest analysis, "the law of the jurisdiction having the greatest interest in the litigation will be applied." Lazard Freres, 108 F.3d at 1539 n.5 (quoting Schultz, 65 N.Y.2d at 197); see also GlobalNet Financial.com, Inc. v. Frank Crystal & Co., Inc., 449 F.3d 377, 384 (2d Cir. 2006). "If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." White Plains Coat, 460 F.3d at 284 (quoting Cooney v. Osgood Machinery, Inc., 81 N.Y.2d 66, 72 (1993)). Since Plaintiffs and their property are located in New York and all of the damages were suffered in New York, New York clearly has the greater interest in regulating the conduct in question. Accordingly, New York law applies to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

Plaintiffs claim that Defendant "unilaterally breached the covenant of good faith and fair dealing implied in the Policy by deliberately, negligently, and wrongfully: (a) Mishandling the Claim; (b) Delaying payment of the Claim, despite promising to expedite adjustment of the Claim; and, (c) Insisting that the $250,000.00 deductible relating to 'flood' applies to the Claim." (Compl. ¶ 29.) Plaintiffs argue these allegations are sufficient to plead conduct that "goes above and beyond" breach of contract. (Pls.' Mar. 17, 2014, Ltr. at 4.)

Plaintiffs' Complaint alleges no more than a dispute over a breach of contact. Plaintiffs allege that Defendant applied the wrong deductible to Plaintiffs' claim. The fact that Defendant has not paid what Plaintiffs believe is due under the Policy is the crux of Plaintiffs' breach of contract claim and does not present an independent factual predicate for a breach of the covenant of good faith and fair dealing. Plaintiffs label Defendant's conduct as "mishand[ling]" or "unreasonable delay[]" but do not back up these conclusions with facts showing bad faith that differ from those supporting the alleged breach of contract. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting Twombly, 550 U.S. at 555); see also Funk, 2013 WL 6537031, at *4. Therefore Plaintiffs' claim for breach of the covenant of good faith and fair dealing is dismissed as redundant.[3]

### B. New York General Business Law § 349

Plaintiffs' fourth cause of action claims Defendant violated section 349 of the New York General Business Law. (Compl. ¶¶ 31-35.) Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York]." N.Y. Gen. Bus. Law § 349. "To state a claim under § 349, a plaintiff must allege: (1)

---

[3] This conclusion does not preclude Plaintiffs from claiming consequential damages beyond the policy limits on their breach of contract claim based on allegations of bad faith. See, e.g., Acquista v. N.Y. Life Ins. Co., 730 N.Y.S.2d 272 (1st Dep't 2001).

the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009) (citing Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam)). "Although a monetary loss is a sufficient injury to satisfy the requirement under § 349, that loss must be independent of the loss caused by the alleged breach of contract." Id.; see also Dufficy v. Nationwide Mut. Fire Ins. Co., No. 13-CV-6010 (SJF), 2013 WL 6248529, at *4 (E.D.N.Y. Dec. 2, 2013).

In the Complaint, regarding their section 349 claim, Plaintiffs allege that Defendant "engaged in materially deceptive acts and practices in the conduct of its business by failing to have reasonable standards to effectuate a prompt, fair and equitable settlement of policyholder's claims as demonstrated by its failure to promptly, fairly and equitably settle the Plaintiffs' Claim." (Compl. ¶ 35.) Plaintiffs further argue in their letter that Defendant's promise to revisit the claim and expedite payment was materially misleading as demonstrated by the fact that the claims process continued for months afterward without payment. (Pls.' Mar. 17, 2014, Ltr. at 4.) Plaintiffs claim they "have suffered actual damage as a direct result of the practices and acts of Darwin described herein." (Compl. ¶ 35.)

Although Plaintiffs may have adequately pleaded the first two elements of a section 349 claim, they do not state any specific facts concerning loss or injury caused by Defendant's allegedly deceptive acts. Plaintiffs' conclusory allegation that they "have suffered actual damage as a direct result" of Defendant's acts contains no details about the injury, lacking most importantly any allegations of how the injury is independent from the loss caused by Defendant's alleged breach of contract. This issue also goes unaddressed in Plaintiffs' letter. Therefore

Plaintiffs have failed to state a claim under New York General Business Law § 349, and this claim is dismissed.

### C. Other Claims

As Plaintiffs letter did not address their request for a jury trial and attorneys' fees, these claims are deemed withdrawn pursuant to Case Management Order No. 1.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' claim for breach of the covenant of good faith and fair dealing (Third Cause of Action) and claim under section 349 of the New York General Business Law (Fourth Cause of Action) are DISMISSED without prejudice. Plaintiffs' claim for attorneys' fees and request for jury trial are DEEMED WITHDRAWN.

SO ORDERED.

Dated: Brooklyn, New York
April 17, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge